**FROM: The District Court of the 18th Judicial District. County of Gallatin.**

STATE OF MONTANA,
Plaintiff,                                                    NO. DC 94-219
vs.                                                          DECISION
Robert Lee Mobley, III,
Defendant.

On February 3, 1995, the Court found the defendant guilty of Count I: Criminal Endangerment, a Felony; Count 2: Theft, a Felony; Count 3: Theft, a Felony; Count 4: Criminal Endangerment, a Felony and Count 5: Robbery, a Felony. Under Count 5 the

defendant shall serve a period of twenty (20) years at the Montana State Prison. Ten (10) years are suspended on the conditions as stated in the February 3, 1995 judgment. Under Count 1 the defendant shall serve a period of ten (10) years at the Montana State Prison. All of this sentence is suspended on conditions as set forth in the February 3, 1995 judgment. Under Count 2 the defendant shall serve a period of ten (10) years at the Montana State Prison. All of this sentence is suspended on the conditions as set forth in the February 3, 1995 judgment. Under Count 4 the defendant shall serve a period of ten (10) years at the Montana State Prison. All of this sentence is suspended on the conditions as set forth in the February 3, 1995 judgment. Under Count 3 the defendant shall serve a period of ten (10) years at the Montana State Prison. Five years of this sentence are suspended on conditions as set forth in the February 3, 1995 judgment. The sentences for Counts 1,2,4 and 5 shall be served concurrently because all of those crimes were part of a single criminal transaction in which the defendant threw Stacy LeMaster out of her car, stole the car, and drove it so as to endanger numerous members of the public and law enforcement officers. The sentence for Count 3 shall be served run consecutively to the other four sentences because it involved the theft of Sharon Rahn's pickup from the State of Georgia. The defendant shall receive credit for 86 days previously served at the Gallatin County Detention Center as of January 31, 1995, and shall receive credit for such additional days that the defendant shall serve at the Gallatin County Detention Center after January 31, 1995, until his transportation to the Montana State Prison by the Gallatin County Sheriff.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was represented by Gary Balaz, Deputy County Attorney from Bozeman.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

**Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank Robert Mobley for representing himself in this matter and also to Gary Balaz, Deputy County Attorney from Bozeman for representing the State.

**FROM: The District Court of the 8th Judicial District. County of Cascade.**